UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br>Plaintiff,<br>v.<br>TRIJYA VAKIL and NEERAJ VISEN,<br>Defendants. | No. 25-CV-5697 (JGLC) |

**FINAL JUDGMENT AS TO DEFENDANT NEERAJ VISEN**

The Securities and Exchange Commission having filed a Complaint and Defendant Neeraj Visen having entered a general appearance; consented to the Court's jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final Judgment; waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a) to employ any device, scheme, or artifice to defraud;

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person

by: (i) buying or selling a security of any issuer, on the basis of material nonpublic information, in breach of a fiduciary duty or other duty of trust or confidence that is owed directly, indirectly, or derivatively, to the issuer of that security or the shareholders of that issuer, or to any other person who is the source of the information; or (ii) by communicating material nonpublic information about a security or issuer, in breach of a fiduciary duty or other duty of trust or confidence, to another person or persons for purposes of buying or selling any security.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

II.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, pursuant to Section 21(d)(2) of the Exchange Act [15 U.S.C. § 78u(d)(2)], Defendant is prohibited from acting as an officer or director of any issuer that has a class of securities registered pursuant to Section 12 of the Exchange Act [15 U.S.C. § 78l] or that is required to file reports pursuant to Section 15(d) of the Exchange Act [15 U.S.C. § 78o(d)].

III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant shall pay a civil penalty in the amount of $54,718 to the Securities and Exchange Commission pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1]. Defendant shall make this payment pursuant to the terms of the payment schedule set forth in paragraph IV below after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Neeraj Visen as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for penalties by the use of all collection procedures authorized by law, including the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.,* and moving for civil contempt for the violation of any Court orders issued in this action. Defendant shall pay post judgment interest on any amounts due after 30 days of the entry of this Final Judgment pursuant to 28 U.S.C. § 1961.

IV.

Defendant shall pay the total penalty due of $54,718 in four installments to the Commission according to the following schedule: (1) $13,679.50, within 30 days of entry of this Final Judgment; (2) $13,679.50, within 120 days of entry of this Final Judgment; (3) $13,679.50, within 240 days of entry of this Final Judgment; and (4) $13,679.50, within 360 days of entry of this Final Judgment. Payments shall be deemed made on the date they are received by the Commission and shall be applied first to post judgment interest, which accrues pursuant to 28 U.S.C. § 1961 on any unpaid amounts due after 30 days of the entry of Final Judgment. Prior to making the final payment set forth herein, Defendant shall contact the staff of the Commission for the amount due for the final payment.

If Defendant fails to make any payment by the date agreed and/or in the amount agreed according to the schedule set forth above, all outstanding payments under this Final Judgment, including post-judgment interest, minus any payments made, shall become due and payable immediately at the discretion of the staff of the Commission without further application to the Court.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent to Final Judgment is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, for purposes of exceptions to discharge set forth in Section 523 of the Bankruptcy Code, 11 U.S.C. §523, the allegations in the complaint are true and admitted by Defendant, and further, any debt for a civil penalty or other amounts due by Defendant under this Judgment or any other judgment, order, consent order, decree or settlement agreement entered in connection with this proceeding, is a debt for the violation by Defendant of the federal securities laws or any regulation or order issued under such laws, as set forth in Section 523(a)(19) of the Bankruptcy Code, 11 U.S.C. §523(a)(19).

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Judgment.

VIII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: September 8, 2026

Jessica Clarke

JESSICA G. L. CLARKE
UNITED STATES DISTRICT JUDGE